IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Powers Properties LLC, | ) | C/A: 8:18-1265-TMC-JDA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Tyneisha Goston, | ) | |
| Defendant. | ) | |

Tyneisha Goston ("Defendant"),[*] proceeding pro se and in forma pauperis, files this action purportedly to remove an eviction proceeding from a state magistrate court to this Court. This matter is before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the Court concludes that this action should be summarily remanded to the state court.

## BACKGROUND

This matter arises from a state eviction action, at case number 2018CV0410700320, filed in the Anderson County Summary Court against Defendant by her landlord, Powers Properties LLC ("Plaintiff"). On May 8, 2018, Defendant filed a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441 (B)" ("Petition"). [Doc. 1.] In the Petition, Defendant alleges that Plaintiff is attempting to collect a debt in violation of the Fair Debt Collection Practices Act of 1978 ("FDCPA") and that the state court action constitutes unlawful eviction proceedings in violation of the Uniform Commercial Code of 15 U.S.C. §

---

[*] Goston is the Defendant in the underlying state court action that forms the basis for this removal action. In her notice of removal, Goston identifies herself as the "Petitioner" and Powers Properties as the "Respondent." Because this case is filed as a removal action, the Court refers to Goston as the "Defendant" and Powers Properties as the "Plaintiff."

1692. [*Id.* at 1-2.] Based on these allegations, Defendant contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and that removal is proper under 28 U.S.C. § 1441(b). [*Id.* at 2.] Attached to Defendant's Petition is the state court Rule to Vacate or Show Cause notice, ordering Defendant to vacate the premises for failing to pay rent when due or face eviction. [*Id.* at 3.]

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) D.S.C., the undersigned is authorized to review the Petition and submit findings and recommendations to the District Court. Further, Defendant filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Defendant's Petition is accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se Petition is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Defendant could prevail, it should do so, but the Court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Defendant's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Further, this Court possesses the inherent authority to review pro se pleadings to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint were not subject to the prescreening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations omitted); *see also Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

**DISCUSSION**

Defendant purports to remove to this Court a Rule to Vacate or Show Cause Order filed in a state court eviction proceeding. This case is subject to summary dismissal because Defendant fails to demonstrate that this Court has federal subject matter jurisdiction over her claim.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a litigant must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

Generally, federal district courts have original jurisdiction over two types of cases, referred to as (1) federal question cases, pursuant to 28 U.S.C. § 1331, and (2) diversity

4

cases, pursuant to 28 U.S.C. § 1332.  As discussed below, the allegations contained in Defendant's Petition and the causes of action in the underlying state court proceedings do not fall within the scope of either form of this Court's limited jurisdiction.

**Federal Question Jurisdiction**

First, federal question jurisdiction arises from 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To determine whether a plaintiff's claims "arise under" the laws of the United States, courts typically use the "well-pleaded complaint rule," which focuses on the allegations of the complaint.  *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (citing *Aetna Health Inc. V. Davila*, 542 U.S. 200, 207 (2004)).  "In other words, federal question jurisdiction exists 'only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint.'"  *Burbage v. Richburg*, 417 F. Supp. 2d 746, 749 (D.S.C. 2006) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir. 2003)).

In the Petition, Defendant alleges that federal question jurisdiction exists over this eviction action because this case involves violations of the UCC and the FDCPA.  The state magistrate's Rule to Vacate or Show Cause Order attached to the Petition provides nothing to suggest that the state court proceedings present a federal question, and, as such, the eviction action could not have been brought originally in federal court.  Defendant's attempt to raise federal issues pursuant to the UCC or the FDCPA simply does not create federal jurisdiction:  "actions in which [state court] defendants merely claim a substantive federal defense to a state law claim do not raise a federal question."  *In re Blackwater Sec.*

5

*Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). "The basis of federal question jurisdiction [ ] must appear upon the face of the state court complaint, and it cannot be supplied by reference to the answer or petition." *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936). Accordingly, federal question jurisdiction does not exist in this case to accept removal from the state court to consider the Defendant's UCC and FDCPA claims.

**Diversity Jurisdiction**

Likewise, Defendant fails to plead any facts showing the diversity statute's requirements are satisfied. The diversity statute requires complete diversity of the parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a)*; Anderson v. Caldwell*, No. 3:10-cv-1906-CMC-JRM, 2010 WL 3724752, at *4 (D.S.C. Aug. 18, 2010), *adopted by* 2010 WL 3724671 (D.S.C. Sept. 15, 2010). Complete diversity of the parties means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Here, because all of the parties named in this action are citizens of South Carolina, complete diversity of the parties is not present. Further, Defendant has not alleged facts showing that the amount in controversy requirement is met under the statute. Dismissal of a diversity action for want of jurisdiction is justified only where it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). Accordingly, the Court finds that the Complaint fails to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).

Thus, the Court finds Defendant has failed to allege facts to establish that this Court has subject matter jurisdiction over her claims under either federal question or diversity

6

grounds, and, therefore, the Petition should be denied and the action should be remanded back to the state court.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court sua sponte **DENY** the Petition and **REMAND** this action to the State Magistrate Court for lack of subject matter jurisdiction. **Plaintiff's attention is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

                                                  s/Jacquelyn D. Austin
                                                  United States Magistrate Judge

May 11, 2018
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).